BY THE

# SUPREME COURT

OF THE

# HAWAIIAN ISLANDS,

## IN BANCO.

---

## BOUNDARIES OF KAPOINO.

APPEAL FROM BOUNDARY COMMISSIONER.

HEARING SEPT. 30, 1889.  DECISION, DEC. 11, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON, DOLE, JJ.

The outlying boundaries of an Ahupuaa having been settled, whatever land is not shown to be of the Ili, within the Ahupuaa, belongs to the Ahupuaa.

A well considered judgment of a Boundary Commissioner is entitled to great respect, and should not be set aside on slight grounds.

It is impossible that there be an Ili within an Ili.

OPINION OF THE MAJORITY OF THE COURT, BY JUDD, C. J.

This is an application by the Hawaiian Government to have the boundaries of the Ili of Kapoino, in the Ahupuaa of Waiehu, Island of Maui, settled.

It is contested by the trustees of the Estate of Lunalilo, in

whom is the title of Waiehu. The boundaries of Waiehu are
settled, and whatever is not shown to be the Ili of Kapoino re-
remains as part of the Ahupuaa of Waiehu.

Testimony of persons familiar with the boundaries of lands in
this Kingdom is becoming more and more difficult to obtain as
the old Hawaiians die off, and appeals from Boundary Commis-
sioners present questions of fact difficult to settle. The evidence
of native residents is taken by the Commissioner in his district
and reduced to writing, and the notes sent up to us on appeal.

The Appellate Court, not having the witnesses before it, is de-
prived of the means of forming a correct opinion as to the
veracity and extent of knowledge of the witnesses, for on paper
all witnesses appear equally well and equally credible. For this
reason, a well considered judgment of a Commissioner of
Boundaries is entitled to great respect, and should not be set
aside on slight grounds. In the case before us, we have the tes-
timony of several witnesses, the general effect of which will
carry the boundaries of the Ili of Kapoino down to the sea, and
embrace within its limits not only the taro lands which consti-
tuted the main value of the land in early times, but a large
quantity of comparatively worthless land, consisting of level
land not then cultivated, and sand hills. The boundaries, as
claimed by the petitioners after they leave the points which both
sides concede to be the boundaries of the land in question, run
straight to the sea, not following any ridge or gulch or any
natural land marks. This fact, although not conclusive against
the claim of the Government, is unusual unless some satisfactory
reason is given for it. Only one witness positively limits the
extent of this Ili as claimed by the trustees of the Estate of Lu-
nalilo, contestant, but this witness, Kaaimalani, had been a
konohiki of Waiehu for a number of years, and appears to know
all the boundaries of the land in dispute, and the adjoining lands
quite thoroughly. A careful perusal of the testimony on behalf
of the petitioners will show that though certain as regards the
land of Kapoino, it is uncertain as regards other lands adjoining.
We think it far more likely that the original character of the Ili of
Kapoino was mainly kalo land, and that it had a fishing right

on the sea; and that the reason that the witnesses for the petitioners have extended its boundaries to reach the sea, is on account of this fishing right, in order that it might be embraced. The witnesses for the petitioners speak of two Ilis, Kanaio and Kahoana, as existing in the Ili of Kapoino, above the Government road. We are not aware of a case of an Ili within an Ili, and we think it impossible. No one is able to give the accurate boundaries of these Ilis, if they are Ilis, and some of the witnesses for the Government say that they were a part of Waiehu: if this be true, they cannot form a part of Kapoino. It appears to us that they are Ilis belonging to the Ahupuaa of Waiehu, distinct for convenience only, and are not Ili-kuponos, having an ownership distinct from that of the Ahupuaa; but their existence, even though the boundaries are not well ascertained, affords strong proof that Kapoino does not extend down further than to them, and certainly not beyond them to the sea.

Upon careful reflection, we see no adequate reason for reversing the judgment of the Commissioner, and therefore affirm his decision.

*The Attorney-General*, for petitioners.

*W. O. Smith*, for contestants.

DISSENTING OPINION OF PRESTON AND BICKERTON, JJ.

This matter comes here on appeal from a judgment rendered by the Boundary Commissioner of the Island of Maui, Second Judicial Circuit, in the matter of the settlement of the boundaries of the Ili-aina of Kapoino.

The application for the settlement of the boundaries was made by J. F. Brown on behalf of the Hawaiian Government.

A map and notes of survey were filed and identified by M. D. Monsarrat, surveyor, showing the boundaries as claimed by the Hawaiian Government, and as claimed by the trustees of the Lunalilo Estate, who contest the Government claim. After hearing the evidence of Nuhiwa (k.), Lani (k.), Pupuka (k.), Kaaimalani (w.) and Auwae (k.), and an agreement being made by J. F. Brown, on behalf of the Hawaiian Government, and W. O. Smith, on behalf of the trustees of the Lunalilo Estate,

that Kapoino Nui and Kapoino Iki should be considered as forming one land known as Kapoino, and the decision as to the land should cover both Kapoinos as if one land ; the Commissioner found the boundaries to be as claimed by the trustees of the Lunalilo Estate, and gave judgment accordingly, from which judgment the Hawaiian Government took an appeal to this Court.

This must be settled on the evidence as sent up by the Commissioner : as we have not any decision before us setting forth the reasons for finding as he did, it is clear he based his decision on the evidence of Kaaimalani (w.), alone, for her's is the only evidence that tends to sustain the claim of the Lunalilo Estate. In fact, in nearly all points her evidence is directly opposed to that of the other four witnesses, whose evidence clearly sustains the claim of the Hawaiian Government, viz. : that the land of Kapoino runs to the sea on the north to a point named Papamoku, and on the south to a point named Kalua, and includes the lands (or localities) known as Kanaio and Kahoana ; certainly, the evidence of Auwae .is contradictory, but there still remains the evidence of Nuhiwa, Lani and Pupuka, which is positive and stands unshaken.

It is claimed, on behalf of the Government, that the places known as Kanaio and Kahoana should at any rate be included within the boundary of Kapoino ; we must take the evidence as a whole, and not take only part and ignore the remainder ; it is as positive that Kapoino runs to the sea, as it is that these places are within its boundaries.

It is claimed for the Lunalilo Estate, that it appears from the weight of the testimony that Kanaio and Kahoana extend across Kapoino from Manokohala to Hananui, thus cutting Kapoino off completely from makai. We do not find that there is any positive testimony as to the boundaries of Kanaio and Kahoana. Kaaimalani does say : "Kahoana and Kanaio had specific boundaries of their own," but she does not describe them ; the evidence does not show clearly that these lands (or localities) cut Kapoino off completely from makai; on the contrary, the

weight of evidence to our minds is strongly in favor of the claim of the Government.

We are of the opinion the decision of the Boundary Commissioner should be reversed and the boundary of Kapoino be as claimed by the petitioners and set forth in their map and survey. We therefore respectfully dissent from the opinion of the majority of the Court.